**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MONICA M. RIDER,<br><br>Plaintiff,<br><br>v.<br><br>AMERIT FLEET SOLUTION, INC., *et al.*,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 3:21-CV-00077-WHR<br><br>JUDGE WALTER H. RICE<br><br>**DEFENDANT AMERIT FLEET SOLUTIONS, INC.'S RENEWED MOTION TO COMPEL ARBITRATION AND STAY COURT ACTION OR, IN THE ALTERNATIVE, TO DISMISS** |

Pursuant to the Federal Arbitration Act, 9 U.S.C. § 2, and Fed. R. Civ. P. 12(b)(1), Defendant Amerit Fleet Solutions, Inc. ("AFS"), by and through the undersigned counsel, respectfully requests that the Court enter an order compelling Plaintiff Monica M. Rider ("Plaintiff") to arbitrate the claims in her Complaint and to stay all proceedings before this Court or, in the alternative, to dismiss this action.

This Motion[1] is supported by Memorandum in Support, the Declarations of Jennifer Stephens and Lara A. Grines with attached Exhibits, all pleadings and papers on file in this action, and such other and further matters as the Court may consider. A Proposed Order is attached.

[1] This Motion and the accompanying Memorandum in Support and Declarations of Jennifer Stephens and Lara A. Grines are identical to the motion and supporting papers filed by AFS on April 16, 2021 (ECF Doc. #: 5).

Respectfully submitted:

s/ *Richard E. Hepp*
Adam Primm, Trial Attorney
Bar Number 0086375
Richard E. Hepp
Bar Number 0090448
Attorneys for Defendant Amerit Fleet Solutions, Inc.
Benesch, Friedlander, Coplan & Aronoff LLP
200 Public Square, Suite 200
Cleveland, Ohio 44114-2378
Tel: (216) 363-4500
Fax: (216) 363-4588
Email: aprimm@beneschlaw.com
rhepp@beneschlaw.com

Heather M. Sager
Bar Number 186566 (CA)
*Pro Hac Vice Forthcoming*
Attorney for Defendant Amerit Fleet Solutions, Inc.
Perkins Coie LLP
505 Howard Street, Suite 1000
San Francisco, CA 94105-3204
Tel: (415) 344-7000
Fax: (415) 344-7050
Email: HSager@perkinscoie.com

Lara A. Grines
Bar Number 316629 (CA)
*Pro Hac Vice Forthcoming*
Attorney for Defendant Amerit Fleet Solutions, Inc.
Perkins Coie LLP
1888 Century Park E., Suite 1700
Los Angeles, CA 90067-1721
Tel: (310) 788-3232
Fax: (310) 788-3399
Email: LGrines@perkinscoie.com

**CERTIFICATE OF SERVICE**

This is to certify that the foregoing *Defendant Amerit Fleet Solutions, Inc.'s Renewed Motion To Compel Arbitration And Stay Court Action Or, In The Alternative, To Dismiss* and *Memorandum in Support of Defendant Amerit Fleet Solutions, Inc.'s Renewed Motion To Compel Arbitration And Stay Court Action Or, In The Alternative, To Dismiss* were filed electronically and were served by regular U.S. mail, postage prepaid, on the 25th day of May, 2021, upon:

Monica Rider
2262 E. David Rd., Apartment C
Kettering, OH 45440

*s/ Richard E. Hepp*
RICHARD E. HEPP (0090448)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MONICA M. RIDER, | ) | CASE NO. 3:21-CV-00077-WHR |
| Plaintiff, | ) | JUDGE WALTER H. RICE |
| v. | ) | |
| AMERIT FLEET SOLUTION, INC., *et al.*, | ) | **MEMORANDUM IN SUPPORT OF DEFENDANT AMERIT FLEET SOLUTIONS, INC.'S RENEWED MOTION TO COMPEL ARBITRATION AND STAY COURT ACTION OR, IN THE ALTERNATIVE, TO DISMISS** |
| Defendant. | ) | |

## I. INTRODUCTION

Plaintiff Monica M. Rider ("Plaintiff") signed a binding arbitration agreement with Defendant Amerit Fleet Solutions, Inc. ("AFS") agreeing to arbitrate all claims arising out of or related to her employment. Notwithstanding her explicit agreement to arbitrate her claims, Plaintiff filed a complaint in this Court. Importantly, the express language of Plaintiff's Arbitration Agreement delegates to the arbitrator the authority to resolve "any claims arising out of or relating to Employee's employment at the Company or the termination of that employment." (Declaration of Jennifer Stephens ("Stephens Decl."), a true and accurate copy of which is attached hereto as **Exhibit A**, ¶ 6, Ex. 1.) Accordingly, this matter must be compelled to arbitration. AFS respectfully requests that the Court issue an Order: (1) compelling this dispute to arbitration and (2) staying proceedings pending completion of the arbitration.

## II. BACKGROUND

### A. Plaintiff's Employment with AFS.

Plaintiff commenced employment with AFS in or around December 7, 2015. (ECF Doc. #: 2, p. 3.) On or around May 21, 2018, Plaintiff executed an updated Arbitration Agreement with AFS that governs this dispute. (Stephens Decl., ¶ 6, Ex. 1.) This Arbitration Agreement was a separate standalone agreement that was not encompassed in any other document between the parties. (Stephens Decl., ¶ 6, Ex. 1.)

### B. Plaintiff's Arbitration Agreement Requires Her to Arbitrate Her Claims.

The Arbitration Agreement requires both AFS and Plaintiff to submit to "binding arbitration" "any claims arising out of or relating to" Plaintiff's employment with AFS or "the termination of that employment." (Stephens Decl., ¶ 6, Ex. 1.)

### C. Plaintiff's Complaint and Procedural Status.

Plaintiff filed her Complaint alleging four claims against AFS: (1) wrongful termination; (2) "violation of state labor laws and fiduciary duties laws;" (3) discrimination; and (4) "violation of my civil right and privacy and company policy." (ECF Doc. #: 2.) The Complaint also names current and former AFS employees Jim Kleon, Monica McKinney, and Eric Williams (collectively, the "Individual Defendants") as defendants. (ECF Doc. #: 2.) In the Complaint, Plaintiff acknowledges that she signed the Arbitration Agreement but says that her current position is that she would not honor the agreement "unless order[ed] by the Court." (ECF Doc. #: 2.) Upon receipt of Plaintiff's complaint, counsel for AFS inquired whether Plaintiff would be amenable to arbitration. (Declaration of Lara A. Grines ("Grines Decl."), a true and accurate copy of which is attached hereto as **Exhibit B**, ¶ 4.) Plaintiff reiterated that she was no longer amenable to arbitration. (Grines Decl, ¶ 4.) As such, AFS now seeks an order compelling arbitration following the meet and confer conversation between Plaintiff and counsel for AFS on April 14, 2021. (Grines Decl, ¶¶ 3-4.)

## III. ARGUMENT

### A. Federal Law Strongly Favors Arbitration.

Under the Federal Arbitration Act ("FAA"),[2] an arbitration provision shall be "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA represents a "liberal federal policy favoring arbitration" and the "fundamental principle that arbitration is a matter of contract." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339, 131 S. Ct. 1740, 1745 (2011) (internal quotation marks and

---

[2] The FAA applies because AFS is involved in interstate commerce as it provides fleet maintenance and repair services across the nation. AFS also has employees in several states. 9 U.S.C. § 2; see, also, Stephens Decl. at ¶ 7.

citations omitted); *see, also, Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1621 (2018) (explaining the same and that Congress wanted courts to treat arbitration agreements as "valid, irrevocable, and enforceable"); *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006) (noting that the FAA "embodies the national policy favoring arbitration and places arbitration agreements on equal footing with all other contracts"); *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24 (1983) (FAA establishes federal policy favoring arbitration).

The "'principal purpose' of the FAA is to 'ensur[e] that private arbitration agreements are enforced according to their terms.'" *Concepcion*, 131 S. Ct. at 1748 (citation omitted). Simply put, absent the "sort of fraud or overwhelming economic power that would provide grounds for the revocation of any contract . . . the FAA provides no basis for disfavoring agreements to arbitrate statutory claims." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 627 (1985) (internal citations omitted); *see, also, Concepcion*, 131 S. Ct. at 1748 (denying class certification because "[c]ontractual arbitration agreements are equally applicable to statutory claims as to other types of common law claims").

Specifically, "[t]he FAA was designed to override judicial reluctance to enforce arbitration agreements, to relieve court congestion, and to provide parties with a speedier and less costly alternative to litigation." *Deck v. Miami Jacobs Business College Co.*, No. 3:12-cv-63, 2013 U.S. Dist. LEXIS 14845, at *2 (S.D. Ohio Jan. 31, 2013). Pursuant to this policy, as explained by the U.S. Supreme Court, "any doubts of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25. In fact, arbitration should be ordered "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986) (internal quotation marks and citation omitted).

Section 4 of the FAA expressly authorizes "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration [to] petition [the court] . . . for an order directing that such arbitration proceed in the manner provided for in such

agreement." 9 U.S.C. § 4. It is pursuant to this authority that AFS asks the Court to issue an order directing Plaintiff to proceed under the parties' agreed upon dispute resolution process.

**B. The Court Should Compel Arbitration.**

Under the FAA, the Court "must engage in a limited review to determine whether the dispute is arbitrable; meaning that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement." *Javitch v. First Union Securities, Inc.*, 315 F.3d 619, 624 (6th Cir. 2003) (citations omitted). *See, also, Glazer v. Lehman Bros., Inc.*, 394 F.3d 444, 450 (6th Cir. 2005). Thus, the Court (1) "must determine the breadth of the arbitration agreement provision" and (2) "must conclude whether the claims fit within the scope of the provision." *Thibault v. Heartland Recreational Vehicles, LLC*, No. 2:18-cv-732, 2019 WL 1274729, at *5 (S.D. Ohio Mar. 19, 2019). Courts apply the operative state-law contract principles to determine whether the parties agreed to arbitrate. *Arthur Anderson LLP v. Carlisle*, 556 U.S. 624, 631-32 (2009); *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).

**1. The Arbitration Agreement is Valid and Enforceable.**

The first gateway issue this Court must address is whether there is a valid agreement to arbitrate. *Pacificare Health Systems, Inc. v. Book*, 538 U.S. 401, 407 (2003); *Howsam v. Dean Witter Reynolds*, 537 U.S. 79, 84 (2002). The Arbitration Agreement is expressly governed by the FAA. (Stephens Decl. ¶ 6, Ex. 1 ("…any claims arising out of or relating to Employee's employment at the Company or the termination of that employment shall be resolved through binding arbitration pursuant to Federal Arbitration Act."). The Arbitration Agreement provides that the arbitrator will follow applicable law which, since Plaintiff worked in Ohio, is Ohio law. (*Id)* Therefore, while the FAA exclusively governs the enforceability of the Arbitration Agreement according to its terms, Ohio law governs the determination of whether a valid agreement to arbitrate exists. *See First Options of Chicago, Inc.*, 514 U.S. at 944 ("When deciding whether the parties agreed to arbitrate a certain matter (including arbitrability), courts generally . . . should apply ordinary state-law principles that govern the formation of contracts."). The clear statutory language and policy of federal and Ohio law is to encourage arbitration and the

enforcement of agreements to arbitration. *Id.; see, also, Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991) (holding that the FAA allows a party to "trade[] the procedures and opportunity for review of the courtroom for the simplicity, informality, and expedition of arbitration."); *Thibault*, 2019 WL 1274729, at *3 (under Ohio law, "[a] provision in any written contract ... to settle by arbitration a controversy that subsequently arises out of the contract ... shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract").

As referenced above, the next question for the Court is whether the parties knowingly agreed to arbitrate disputes under the contract. If the answer is yes, the arbitration provision is to be enforced despite defenses to the underlying contract. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403-04 (1967); *Buckeye Check Cashing, Inc.* 546 U.S. at 445-46. Notably, the Court should not consider or decide the validity of the underlying contract. Here, Plaintiff admits that she signed and agreed to the Arbitration Agreement. Thus, the Agreement is enforceable.

**2. Plaintiff's Claims Fall Squarely Within the Scope of the Arbitration Agreement.**

When the Court determines that the parties have a binding arbitration agreement, an "order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Techs.*, 475 U.S. at 650; *see, Hurley v. Deutsche Bank Trust Co. Ams.*, 610 F.3d 334, 338 (6th Cir. 2010); *see, also, Great Earth Co., Inc. v. Simons*, 288 F.3d 878 (6th Cir. 2002) (recognizing the presumption of arbitrability and that any doubts concerning the scope of an arbitration clause and the issues arbitrable thereunder should be resolved in favor of arbitration).

Where the clause is broad, as here, there is a heightened presumption of arbitrability such that "[i]n the absence of any express provision excluding a particular grievance from arbitration, we think only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail." *AT&T Techs.*, 475 U.S. at 650.

Any doubt as to the scope of arbitrable issues is resolved in favor of arbitration. *See, Hurley*, 610 F.3d at 338; *see, also, E.E.O.C. v. Waffle House*, 534 U.S. 279, 280 (2002); *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25. The arbitration provision defines which claims are arbitrable and requires both AFS and Plaintiff to submit to final and binding arbitration of any dispute arising out of or related to Plaintiff's employment with AFS. (Stephens Decl. ¶ 6, Ex. 1.) This includes claims that arise out of or are related to "Employee's employment at the Company or the termination of that employment," "claims for harassment and/or discrimination," "wrongful termination," and "invasion of privacy." (*Id.*)

In light of this broad language, there can be no dispute that the claims asserted by Plaintiff against AFS are all encompassed by the Arbitration Agreement. Thus, the Court's limited review in determining whether the dispute is arbitrable should be resolved in favor of arbitration because Plaintiff entered a valid arbitration agreement that covers all claims alleged in this action.

**C. Plaintiff Must Arbitrate Her Claims Against All of the Defendants.**

Although not signatories to the Arbitration Agreement, and despite the fact that AFS is unaware of whether or not they have been served, the Individual Defendants may nonetheless compel arbitration of Plaintiff's claims against them because they are substantively identical to Plaintiff's claims against AFS. *See, Javitch*, 315 F.3d at 629 (*citing Arnold v. Arnold Corp.*, 920 F.2d 1269, 1281 (6th Cir. 1990) (holding that in the Sixth Circuit, "nonsignatories may be bound to arbitration agreements under ordinary contract and agency principles")). Further, there are no claims alleged against the Individual Defendants that are unrelated to Plaintiff's employment, and thus, governed by the Arbitration Agreement. As such, equity would suggest that all of Plaintiff's claims be handled in one forum. *See, Geo Vantage of Ohio, LLC v. GeoVantage, Inc.*, No. 2:05-CV-1145, 2006 WL 2583379, at *10 (S.D. Ohio Sept. 6, 2006) (explaining that the Sixth Circuit has utilized the policy of allowing non-signatories to compel signatories to arbitrate through the principle of equitable estoppel "operates to prevent one party from holding another to the terms of the agreement while simultaneously avoiding the same agreement's arbitration clause.")

**D. The Court Should Stay or Dismiss the Action.**

Section 3 of the FAA provides that, where a valid arbitration agreement requires a dispute to be submitted to binding arbitration, the district court shall stay the action "until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3; *see, Concepcion*, 131 S. Ct. at 1748 (Section 3 of the FAA "requires courts to stay litigation in arbitral claims pending arbitration of those claims 'in accordance with the terms of the agreement.'"). Pursuant to the FAA and the parties' agreement to arbitrate, AFS requests that this action be stayed in its entirety, including all discovery pending, the completion of arbitration, or, in the alternative, dismissed.[3]

## IV. CONCLUSION

Based on the foregoing, Defendants respectfully requests that this Court issue an order (1) compelling Plaintiff to participate in arbitration as agreed to by the parties; and (2) dismissing, or in the alternative, staying the civil action pending the completion of such arbitration. AFS additionally requests this Court stay all proceedings in this case, including discovery, pending the resolution of the instant petition to compel arbitration.

Respectfully submitted:

s/ *Richard E. Hepp*

Adam Primm, Trial Attorney
Bar Number 0086375
Richard E. Hepp
Bar Number 0090448
Attorneys for Defendant Amerit Fleet Solutions, Inc.
Benesch, Friedlander, Coplan & Aronoff LLP
200 Public Square, Suite 200
Cleveland, Ohio 44114-2378
Tel: (216) 363-4500
Fax: (216) 363-4588
Email: aprimm@beneschlaw.com
rhepp@beneschlaw.com

[3] To the extent that Plaintiff argues that the agreement is either procedurally or substantively unconscionable, AFS notes that those issues should be addressed by the arbitrator. Further, AFS notes that there is a severability provision in the Arbitration Agreement. (Stephens Decl. ¶ 6, Ex. 1.)

Heather M. Sager
Bar Number 186566 (CA)
*Pro Hac Vice Forthcoming*
Attorney for Defendant Amerit Fleet Solutions, Inc.
Perkins Coie LLP
505 Howard Street, Suite 1000
San Francisco, CA 94105-3204
Tel: (415) 344-7000
Fax: (415) 344-7050
Email: HSager@perkinscoie.com

Lara A. Grines
Bar Number 316629 (CA)
*Pro Hac Vice Forthcoming*
Attorney for Defendant Amerit Fleet Solutions, Inc.
Perkins Coie LLP
1888 Century Park E., Suite 1700
Los Angeles, CA 90067-1721
Tel: (310) 788-3232
Fax: (310) 788-3399
Email: LGrines@perkinscoie.com