FILED
RICHARD W. NAGEL
CLERK OF COURT
2021 JUN 16 AM 10: 33
U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
WEST. DIV. DAYTON

**United States District Court**
**Southern District of Ohio**
**Western Division**

| | | |
|---|---|---|
| **Plaintiff** | : | |
| **Monica M Rider** | : | **Judge Walter H. Rice** |
| **V.** | : | |
| **Defendant** | : | |
| **Amerit Fleet Solution, Inc., et al.,** | : | **Case No. 3:21-CV-77** |

## MEMORANDUM IN OPPOSITION TO COMPEL ARBITRATION

Pursuant to Federal Arbitration Act 9 U.S.C.S § 3, n 13 & 34 and 9 U.S.C.S § 4. The Defendant Amerit Fleet Solution, Inc enter an order to compel arbitration and stay court action or, in the alternative, to dismiss this action. The Plaintiff Monica M. Rider, respectfully request that the Court Denies the action to compel arbitration and stay court action or, in the alternative, to dismiss, because the Defendant Amerit Fleet Solution has aggrieve by failure, neglect or refusal to arbitrate under written agreement with extreme prejudice.

This memorandum is support by attached exhibits and all pleadings and papers on file in this action and such other and further matters as the Court may consider.

Respectfully submitted:
Monica M Rider
Monica M Rider, Pro Se
2262 E David Rd apt C
Kettering, OH 45440
815-793-3472

**United States District Court**
**Southern District of Ohio**
**Western Division**

| | | |
|---|---|---|
| **Plaintiff** | : | |
| **Monica M Rider** | | **Judge Walter H. Rice** |
| **V.** | : | |
| **Defendant** | | |
| **Amerit Fleet Solution, Inc., *et al.*,** | : | **Case NO. 3:21-CV-00077** |

**Memorandum In Opposition To Motion To Compel Arbitration And Stay Court Action Or, In The Alternative, To Dismiss**

## INTRODUCTION

(Plaintiff) Monica M Rider sign an Arbitration agreement at the time of employment with Amerit Fleet Solution, Inc, after being terminated and having an Unemployment Hearing, Monica M Rider contacted Amerit Fleet Solution HR department over the pass 24 month about an arbitration hearing leaving message over the phone with No response. After a year or more of no response (Plaintiff) decided to email Amerit Fleet Solution, Inc, HR department, (Plaintiff) received a response that they received the request, but (Plaintiff) was further ignored. In (Plaintiff)'s last email to Amerit Fleet Solution, Inc, HR department (Plaintiff) inform them about her intent to take this matter to the Courts if (Plaintiff) haven't

heard from Amerit Fleet Solution, Inc in 10 business days, and still NO response. See **Exhibit 1.**

**ARGUMENT**

According to Federal Arbitration Act (9 USCS § 3) If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the involve in such suit or proceeding is referable to arbitration under such agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, **Providing the applicant for the stay is not in DEFAULT in proceeding with such arbitration.** Federal Arbitration Act (9 USCS § 4) Arbitration cannot be compelled, when a party aggrieved by failure, neglect, or refusal to arbitrate under written agreement for arbitration. *Ward Foods, Inc v Bakery & Confectionery Workers Union (1973, Dc NY) 360 F supp 1310, 83 BNA LRRM 3108, 71 CCH LC ¶ 13866. Miller v Aaacon Auto Transport, Inc. (1977, CA5 Fla) 545 F2d 101.* (citations omitted)

This act to compel arbitration is inconsistent with Amerit Fleet Solution, Inc action over the past 24 months of neglect, failure, and refusal to arbitrate and the failing to timely initiate request for arbitration resulting in prejudice to the Plaintiff Monica M Rider. *Smith V IMG Worldwide, Inc (2005, EDPa) 360 F Supp 201681.*

*Tucker v Fireman's Fund Agribusiness, Inc. (2005, SD Tex) 365 F supp 2d 821.* (citations omitted).

The Defendant Amerit Fleet Solution, Inc intransigent behavior for more than 24 months made it clear they had no intention to arbitrate until (Plaintiff ) filed this complaint against Amerit Fleet Solution, Inc. *Morris V Morgan Stanley & Co. (1991, CA9 Cal) 942 F2d 648, 91 CDOS 6620, 91 Daily Journal DAR 10174, CCH Fed Secur L Rep ¶ 96246, 20 FR Serv 3d 466, amd (1991, CA9 Cal) 942 F2d 648, 91 CDOS 7224, 91Daily Journal DAR 10976.* (citations omitted)

The Defendant Amerit Fleet Solution, Inc intentional relinquish right to arbitrate, because such delay must amount to intentional relinquishment of right to arbitrate and intention may be inferred when party acts inconsistent with its right to demand arbitration. Therefore, compelling to arbitrate and stay court action or, in the alternative, to dismiss should be deny as defendant waived its rights by Defaulting, Failure, Neglect and Refusal to arbitrate over the past 24 months. Defendant request for reference to arbitration is untimely and significant prejudice to the Plaintiff legal position. *United Nuclear Corp. v General Atomic Co. (1979) 93 NM 105, 597 P2d 290, 979-2 CCH trade Cases ¶ 62881.* (citation omitted) *Cargo Carriers, Inc v Erie & St Lawrence Corp, (1952, DC NY) 105 F Supp 638.* (citations omitted) *Bod Ladd, Inc v Adcock (1986, ED Ark)633 F Supp 241, CCH*

*Fed Sur L Rep ¶ 92514.* (citations omitted) *General Guaranty, Co, v New Orleans General Agent 427 F.2d 924 (5th Cir. 1970).* (citations omitted)

**DEFENDANT'S MOTION**

In the Defendant's Motion or Memorandum (Doc #5) the defendant's attorney has filed some false and misleading information that has deceive your Honor into believing such information is true. Jennifer Stephens filed a declaration, Defendant's **Exhibit A** stating that this is a true and correct copy of the Arbitration Agreement, under penalty of perjury, a sworn statement to be true and correct copy of the Arbitration Agreement in Defendant's **Exhibit 1** which is a blank copy. **Not True**.

Defendant's Attorney also filed under background in (Doc #5) that "This Arbitration Agreement was a separate standalone agreement that was not encompassed in any other document between parties". **Not True.**

Under Plaintiff's Complaint and Procedural Status in (Doc #5), Defendant's Attorney stated, "Plaintiff filed her complaint alleging four claims against Amerit Fleet Solution: (1) wrongful termination". Wrongful termination has already been Establish in Case NO# *H-2019005393 Monica M Rider vs Amerit Fleet Solution, Inc.*

Another Declaration from Lara A. Grines in (Doc #5) under penalty of perjury to be true and accurate statement in Defendant's **Exhibit B.** "we also met

and conferred about Defendant's Motion to Compel Arbitration. The parties were unable to agree as to any stipulation to arbitrate". **Not True**

18 U.S. Code Chapter 47 – Fraud and False statement. 18 U.S. Code § 1038 (a)(b), § 1621. Whoever engages in any conduct with intent to convey false or misleading information under circumstance where such, information may reasonably be believe and where such information indicates that an activity has taken, is taking, or will take place would constitute a violation of *chapter 2, 10, 11B, 39, 40, 44, 111 or 113B of this title, section 236 of the Atomic Energy of 1954 (42 U.S.C. 2284), or section 46502, the second sentence of section 46504, section 45605 (b)(3) or (c).*

**CONCLUSION**

Based on the foregoing, Monica M Rider respectfully request that this Court Deny the order to Compel Arbitration and Stay Court Action or, In the Alternative, To Dismiss. Defendant has defaulted, failure, neglect and refusal to arbitrate in a timely matter over the past 24 months.

**CERTIFICATE OF SERVICE**

I hereby certify that on June 16, 2021, I filed my Memorandum in Opposition to Compel Arbitration to the Clerk of Courts for filing. Upon the Clerks Office docketing of this pleading, notice of this filing will be sent through the Court's electronic filing system to all parties represented by attorneys who are registered users of the Court's electronic filing system as provided for in Fed.R.Civ.P 5(b)(2)(E).

Monica M Rider
Pro Se Plaintiff