**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MONICA M. RIDER,<br><br>Plaintiff,<br><br>v.<br><br>AMERIT FLEET SOLUTIONS, INC., *et al.*,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) | CASE NO. 3:21-CV-00077-WHR<br><br>JUDGE WALTER H. RICE<br><br>**REPLY IN SUPPORT OF DEFENDANT AMERIT FLEET SOLUTIONS, INC.'S MOTION TO COMPEL ARBITRATION AND STAY COURT ACTION OR, IN THE ALTERNATIVE, TO DISMISS** |

**REPLY IN SUPPORT OF DEFENDANT AMERIT FLEET SOLUTIONS, INC.'S MOTION TO COMPEL ARBITRATION AND STAY COURT ACTION OR, IN THE ALTERNATIVE, TO DISMISS**

## I. INTRODUCTION

Plaintiff Monica Rider's ("Plaintiff") Opposition to Defendant Amerit Fleet Solutions, Inc.'s ("AFS") Motion to Compel Arbitration ("Motion," and in reference to the opposition, "Opposition") makes no attempt to argue that arbitration is not the proper forum for her claims. Rather, Plaintiff's Opposition takes issue with the timeframe of AFS's Motion, and attempts to paint AFS's counsel as perjurers with less than a scintilla of evidence to support her allegations. The fact that Plaintiff's entire Opposition is based on numerous, blatant misstatements demonstrates Plaintiff's knowledge that her legal arguments are without merit. Put simply, none of Plaintiff's arguments warrant setting aside the Arbitration Agreement.

## II. ARGUMENT

### A. Plaintiff Admits That She Signed An Arbitration Agreement.

Plaintiffs' contentions are meritless. The plain language of the Arbitration Agreement, as well as Plaintiff's own admission, establish that this matter must be compelled to arbitration. In her Opposition, Plaintiff concedes that she signed an Arbitration Agreement "at the time of employment with Amerit Fleet Solution, Inc." (*See* Dkt. 16 at 2.) Specifically, on or around May

21, 2018, Plaintiff executed an updated Arbitration Agreement with AFS that governs this dispute. (Dkt. 14, Stephens Decl., ¶ 6, Ex. 1.) Plaintiff argues "[i]n the Defendant's Motion or Memorandum (Doc #5) the defendant's attorney has filed some false and misleading information that has deceive [sic] your Honor into believing such information is true. Jennifer Stephens filed a declaration, Defendant's **Exhibit A** stating that this is a true and correct copy of the Arbitration Agreement, under penalty of perjury, a sworn statement to be true and correct copy of the Arbitration Agreement in Defendant's **Exhibit 1** which is a blank copy. **Not True**."

Plaintiff offers no support for her argument aside from stating "Not True." Indeed, AFS did not attach a blank arbitration agreement - page 17 contains Plaintiff's printed name, signature, and is dated May 21, 2018. (*See* Dkt. 14, Stephens Decl., ¶ 6, Ex. 1.) In addition, to avoid any confusion, AFS also included Ms. Rider's certificate of acknowledgement of the Arbitration Agreement. (*Id*. at p. 18.)

**B. AFS Timely Brought Its Motion To Compel Arbitration.**

Plaintiff attempts to invoke 9 U.S.C. § 4 by arguing that AFS's actions are inconsistent with its desire to arbitrate the claims at issue. Plaintiff states, with no evidence, that she attempted to contact AFS for "more than 24 months." (*See* Dkt. 16 at 3.) However, Plaintiff provides no evidence of this. Rather, she attaches a November 19, 2020 email to AFS wherein she alleges she called AFS 4 times, but does not state when she made these calls or to whom. A few short hours after sending her November 19, 2020 email to AFS, Plaintiff received a response that the matter had been escalated. (*Id*.) Thereafter, AFS attempted to contact Plaintiff, to no avail. As a result, upon receipt of Plaintiff's Complaint, AFS timely filed its Motion to Compel Arbitration. (*See* Dkts. 5 and 14.) At no point did AFS intentionally relinquish its right to arbitrate — AFS's actions are entirely consistent with that of a party who wishes to arbitrate the claims at issue.

**C. The Arbitration Agreement Is A Standalone Document.**

Plaintiff next argues that "Defendant's Attorney also filed under background in (Doc #5) that 'This Arbitration Agreement was a separate standalone agreement that was not encompassed in any other document between parties.' **Not True.**" As with Plaintiff's former statement, Plaintiff fails to offer even a shred of evidence supporting her statement "Not True." To the contrary, the Arbitration Agreement attached to Ms. Stephens' declaration is a standalone document - as evidenced by its length (2 pages), inclusion of a title (Mutual Agreement to Arbitrate Claims), and separate section for an employee's acknowledgement.

**D. Plaintiff's Allegation That Defense Counsel Committed Fraud Is Patently False.**

In a last-ditch attempt to save her already meritless arguments, Plaintiff argues that defense counsel's statement "we also met and conferred about Defendant's Motion to Compel Arbitration. The parties were unable to agree as to any stipulation to arbitrate" is "**Not True**." It is not clear which portion of this statement Plaintiff deems untrue. Despite this fact, and in order to ensure the record is clear, counsel for AFS spoke with Plaintiff on multiple occasions regarding the Motion. Attached as **Exhibit A** to the Declaration of Lara A. Grines, a true and correct copy of which is attached hereto, are logs of the telephone conversations. In addition to being unable to contest the fact that AFS's counsel spoke with Plaintiff regarding the Motion, Plaintiff also cannot contest the fact that the parties were unable to agree as to any stipulation to arbitrate, as the Motion, Opposition, and instant Reply would all be moot.

**E. Plaintiff's Additional Arguments Are Meritless.**

Finally, Plaintiff includes an additional argument that has no bearing on whether or not this court should compel her claims to arbitration. Specifically, Plaintiff states "[u]nder Plaintiff's Complaint and Procedural Status in (Doc #5), Defendant's Attorney stated, 'Plaintiff filed her

complaint alleging four claims against Amerit Fleet Solution: (1) wrongful termination.' Wrongful termination has already been Establish in Case *NO# H-2019005393 Monica M Rider vs. Amerit Fleet Solution, Inc.*" AFS is unaware what Plaintiff is referring to, however, the arbitration provision defines which claims are arbitrable and requires both AFS and Plaintiff to submit to final and binding arbitration of any dispute arising out of or related to Plaintiff's employment with AFS, which squarely includes her claim of wrongful termination.

## III. CONCLUSION

Plaintiff has failed to carry her heavy burden to show the matter should not proceed to arbitration. Thus, Plaintiff should be ordered to arbitrate her claims with AFS, and, as set forth in AFS's Motion, this matter should be stayed pending the outcome of that arbitration.

Respectfully submitted:

*s/ Adam Primm*

Adam Primm, Trial Attorney
Bar Number 0086375
Richard E. Hepp
Bar Number 0090448
Attorneys for Defendant Amerit Fleet Solutions, Inc.
Benesch, Friedlander, Coplan & Arnoff LLP
200 Public Square, Suite 200
Cleveland, Ohio 44114-2378
Tel: (216) 363-4500
Fax: (216) 363-4588
Email: aprimm@beneschlaw.com
rhepp@beneschlaw.com

Heather M. Sager
Bar Number 186566 (CA)
*Pro Hac Vice Forthcoming*
Attorney for Defendant Amerit Fleet Solutions, Inc.
Perkins Coie LLP
505 Howard Street, Suite 1000
San Francisco, CA 94105-3204
Tel: (415) 344-7000

Fax: (415) 344-7050
Email: HSager@perkinscoie.com

Lara A. Grines
Bar Number 316629 (CA)
*Pro Hac Vice Forthcoming*
Attorney for Defendant Amerit Fleet Solutions, Inc.
Perkins Coie LLP
1888 Century Park E., Suite 1700
Los Angeles, CA 90067-1721
Tel: (310) 788-3232
Fax: (310) 788-3399
Email: LGrines@perkinscoie.com

**CERTIFICATE OF SERVICE**

This is to certify that the foregoing Reply in Support of Defendant Amerit Fleet Solutions, Inc.'s Motion to Compel Arbitration and Stay Court Action or, in the Alternative, to Dismiss was filed electronically and was served by regular U.S. mail postage prepaid, and certified mail on the 30th of June, 2021, upon:

Monica Rider
2262 E. David Rd., Apartment C
Kettering, OH 45440

s/ *Adam Primm*
ADAM PRIMM (0086375)



152852740.1