**United States District Court**
**Southern District of Ohio**
**Western Division**

CLERK OF COURT
2021 JUL 20 PM 1:15
U.S. DISTRICT COURT

**Plaintiff** :

**Monica M Rider** **Judge Walter H. Rice**

**V.** :

**Defendant**

**Amerit Fleet Solution, Inc., *et al.*,** : **Case NO. 3:21-CV-00077**

**REPLY IN SUPPPORT OF PLAINTIFF MOTION FOR ORDER TO SHOW CAUSE – WHY ATTORNEY SHOULD NOT BE HELD IN CONTEMPT, UNDER PENALTY OF PERJURY**

Affirmation or declaration under penalty in accordance with *18 U.S.C. 1621 in lieu of oath, 28 U.S.C.§1746.* A Statement that has been signed by a declarant who will be found guilty of perjury if the facts declared in the statement are shown to be materially false. Whoever engages in any conduct with the intent to convey false or misleading information under circumstances where such information may reasonably be believe and where such information indicates that an activity has taken, is taking, or will take place that would constitute a violation of chapter 2, 10, 11B, 39, 40, 111, or 113B of the title, *18 U.S. Code § 1038(a)(b).*

## I. Jennifer Stephens filed a declaration

In Defendant's **Exhibit A** stating that this is a true and correct copy of the Arbitration Agreement, under penalty of perjury, a sworn statement to be true and correct copy of the Arbitration Agreement in Defendant's **Exhibit 1** where the ("Agreement") is made between Amerit Fleet Solution, Inc ("Employer") and ("Employee") is **Blank** and **No Employee's Initials.** This first sheet in Defendant's **Exhibit 1** has been replaced and is **NOT** a true and correct copy. See Plaintiff **Exhibit A.**

## I. Stand Alone Agreement

Defendant's Attorney also filed under background in (Doc #5) that "This Arbitration Agreement was a separate standalone agreement that was not encompassed in any other documents between parties". **Not True.** Plaintiff **Exhibit A** show all the documents that encompassed the Arbitration Agreement.

## II. Wrongful Termination

Under Plaintiff's Complaint and Procedural Status in (Doc #5), Defendant's Attorney stated, "Plaintiff filed her complaint alleging four claims against Amerit Fleet Solution: (1) wrongful termination". Wrongful termination has already been Establish in Case *No# H-2019005393 Monica M Rider vs Amerit Fleet Solution, Inc.* **Exhibit B,** show a hearing between Monica M Rider and Amerit Fleet

Solution, Inc and the Defendant did not appeal the decision of wrongful termination.

## III. Lara A. Grines and Defendant Exhibit B

Another Declaration from Lara A. Grines in (Doc #5) under penalty of perjury to be true and accurate statement in Defendant's **Exhibit B. "**we also met and conferred about Defendant's Motion to Compel Arbitration. The parties were unable to agree as to any stipulation to arbitrate". Again, the Defendant's Attorneys has misled the court into thinking parties had engaged in conversation to arbitrate and was unable to agree as to any stipulation which is **Not True.** And yes, I do contest these statements as untrue. In Opposition to Motion for order to show case, Defendant's **Exhibit A**, is a phone log of call made to the plaintiff on April 14, 2021. Defendant's has **left out the initial phone call** to the plaintiff at 12:47pm eastern time which is a 3-hour different from California. Ms. Grines called plaintiff, she introduces herself with her name and the name of her company and who she was representing and want to know was if Plaintiff was represented by an Attorney. Plaintiff Response was No not yet. Ms. Grines proceed to say, "that there has been some kind of confusion and she want to know could parties set up arbitration". Plaintiff response was NO, and parties hang up as the call lasted 1minute and 12 seconds. See **Exhibit C**. Again, Defendant's Attorneys has misled

the court into thinking parties had multiple conversation about "her Complaint and AFS's Motion to Compel Arbitration". After four in a half hours Ms. Grines call the plaintiff again, her time 1:47pm, on April 14, 2021 and plaintiff time 4:47pm. Ms. Grines phone log show that the parties spoke for 1 minute and 9 seconds but Plaintiff call log show that the call was **Declined,** So plaintiff called back at 4:48pm and still could not get thru lasting 18 seconds, Ms. Grines called again at 1:48pm and Plaintiff time 4:49pm, as the parties was playing phone tag and had no conversation until 1:48 or 4:49 the second time parties actually spoke and "Ms. Grines wanted to know if the defendants could get an extension on the time to answer the complaint and that would get the plaintiff more time to find an attorney". Plaintiff response was why are you call me for an extension and not the court. "Ms. Grines replied in federal court both parties have to agree to get an extension. At this point I agree to an extension of time to file their answer, Plaintiff said Ok. "Ms. Grines then ask for plaintiff email address so she could send plaintiff something to sign saying parties agree to an extension. Now this call lasted 2 minutes and 16 seconds from plaintiff call log and defendant call log said 2 minutes and 24 seconds. The plaintiff again call Ms. Grines phone on April 14, 2021 at 5:21 pm which is Ms. Grines time 2:21pm. Plaintiff asked Ms. Grines why do you need an extension, "Ms. Grines responded the Amerit Fleet Solution, Inc has just retain them and she need time to get the background information", the

plaintiff responded I do not think so, I am not giving you an extension which I do Not have the Authority to do so and hung up, called lasted 1 minute and 40 seconds, defendant's phone log call lasted 1 minute and 46 seconds. On April 15, 2021 Ms. Grines called plaintiff again at 8:59 am, plaintiff call log 11:59am. "Ms. Grines stated tomorrow is my deadline are you going to sign the agreement" plaintiff response was NO, call lasing 21 seconds and Ms. Grines log 38 seconds. See Plaintiff **Exhibit C.** There are discrepancies on the Defendant's call log, and it's been tampered with. In the total of five minutes when Plaintiff spoke with Ms. Grines the conversation about arbitration came up in the initial phone call that Defendants left out of the call log that lasted 1minute and 12 seconds and to set up arbitrate **Never** came up again. The multiple phone call on Defendants call log **Exhibit A** was about an extension of time. Again, another sworn statement that is **Not True.**

## IV. Conclusion

The Plaintiff Monica M Rider is motioning the Court to Hold Richard E. Hepp, Adam Primm, Heather M Sager, Lara A. Grines and Jennifer Stephen be held in contempt of court under the penalty of perjury and misconduct and obstruction of justice and malicious prosecution should be granted. That all parties per person be held on bond and bail set at 300,000.

Monica M Rider, Pro SE

Monica M Rider

2262 E David Rd apt C
Kettering, OH 45440

**CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2021, I filed a Reply in Support of Plaintiff Motion to Show Cause-Why Attorney Should not be held in Contempt, Under Penalty of Perjury, Upon the Clerk's office docketing of the pleading, notice of this Filing will be sent through the Court's electronic filing system to all parties represented by attorney's who are registered users of the Court's electronic filing system as provided for in Fed.R.Civ.P 5(b)(2)(e).

Monica M Rider, Pro Se

Monica M Rider
_______________________