# Exhibit A

Amerit FLEET SOLUTIONS

# Employee Update Form

## PERSONAL INFORMATION

Name Rider (Last) Monica (First) Michelle (Middle)

Address 1568 Beaver Ridge Dr apt A

Kettering (City) OH (State) 45429 (Zip Code)

Phone (Home) ______ Phone (Mobile) 815-793-3472

Email Msandersolearyo yahoo.com

## EMERGENCY CONTACT INFORMATION

Name Rider (Last) Willie (First) L (Middle)

Address 1568 Beaver Ridge Dr Apt A

Kettering (City) OH (State) 45429 (Zip Code)

Phone (Home) ______ Phone (Mobile) 937-985-9438

Email ______

Relationship to Employee Husband

How did you hear about Amerit Fleet Solutions? On-line

Were you referred to us by a friend or co-worker? ☐ Yes ☒ No

If yes, please list the name of person who referred you ______

Employees are responsible for completing and assuring the accuracy of the emergency contact information. If there are changes to your information, please contact Amerit Fleet Solutions, Inc.

# Employment Eligibility Verification

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

**USCIS**
**Form I-9**
OMB No. 1615-0047
Expires 08/31/2019

▶**START HERE: Read instructions carefully before completing this form. The instructions must be available, either in paper or electronically, during completion of this form. Employers are liable for errors in the completion of this form.**

**ANTI-DISCRIMINATION NOTICE:** It is illegal to discriminate against work-authorized individuals. Employers **CANNOT** specify which document(s) an employee may present to establish employment authorization and identity. The refusal to hire or continue to employ an individual because the documentation presented has a future expiration date may also constitute illegal discrimination.

## Section 1. Employee Information and Attestation *(Employees must complete and sign Section 1 of Form I-9 no later than the **first day of employment**, but not before accepting a job offer.)*

| Last Name *(Family Name)* | First Name *(Given Name)* | Middle Initial | Other Last Names Used *(if any)* |
|---|---|---|---|
| Rider | Monica | M | Sanders - O'Leary |

| Address *(Street Number and Name)* | Apt. Number | City or Town | State | ZIP Code |
|---|---|---|---|---|
| 1568 Beaver Ridge Dr | A | Kettering | OH | 45429 |

| Date of Birth *(mm/dd/yyyy)* | U.S. Social Security Number | Employee's E-mail Address | Employee's Telephone Number |
|---|---|---|---|
| 11/15/1965 | [redacted] | msandersoleary@yahoo.com | 815-793-3472 |

**I am aware that federal law provides for imprisonment and/or fines for false statements or use of false documents in connection with the completion of this form.**

**I attest, under penalty of perjury, that I am (check one of the following boxes):**

- [X] 1. A citizen of the United States
- [ ] 2. A noncitizen national of the United States *(See instructions)*
- [X] 3. A lawful permanent resident (Alien Registration Number/USCIS Number): ____________
- [ ] 4. An alien authorized to work until (expiration date, if applicable, mm/dd/yyyy): ____________
  Some aliens may write "N/A" in the expiration date field. *(See instructions)*

*Aliens authorized to work must provide only one of the following document numbers to complete Form I-9: An Alien Registration Number/USCIS Number OR Form I-94 Admission Number OR Foreign Passport Number.*

1. Alien Registration Number/USCIS Number: ____________
**OR**
2. Form I-94 Admission Number: ____________
**OR**
3. Foreign Passport Number: ____________
Country of Issuance: ____________

QR Code - Section 1
Do Not Write In This Space

| Signature of Employee | Today's Date *(mm/dd/yyyy)* |
|---|---|
| Monica M Rider | 05/21/2018 |

**Preparer and/or Translator Certification (check one):**

- [ ] I did not use a preparer or translator.
- [ ] A preparer(s) and/or translator(s) assisted the employee in completing Section 1.

*(Fields below must be completed and signed when preparers and/or translators assist an employee in completing Section 1.)*

**I attest, under penalty of perjury, that I have assisted in the completion of Section 1 of this form and that to the best of my knowledge the information is true and correct.**

| Signature of Preparer or Translator | Today's Date *(mm/dd/yyyy)* |
|---|---|
| | |

| Last Name *(Family Name)* | First Name *(Given Name)* |
|---|---|
| | |

| Address *(Street Number and Name)* | City or Town | State | ZIP Code |
|---|---|---|---|
| | | | |

*Employer Completes Next Page*

**Employment Eligibility Verification**
**Department of Homeland Security**
U.S. Citizenship and Immigration Services

**USCIS**
**Form I-9**
OMB No. 1615-0047
Expires 08/31/2019

## Section 2. Employer or Authorized Representative Review and Verification

*(Employers or their authorized representative must complete and sign Section 2 within 3 business days of the employee's first day of employment. You must physically examine one document from List A OR a combination of one document from List B and one document from List C as listed on the "Lists of Acceptable Documents.")*

| Employee Info from Section 1 | Last Name (Family Name) | First Name (Given Name) | M.I. | Citizenship/Immigration Status |
|---|---|---|---|---|
| | Rider | Monica | M | Citizen |

| List A Identity and Employment Authorization | OR | List B Identity | AND | List C Employment Authorization |
|---|---|---|---|---|
| Document Title: Driver's License | | Document Title | | Document Title |
| Issuing Authority | | Issuing Authority | | Issuing Authority |
| Document Number: [redacted] | | Document Number | | Document Number |
| Expiration Date (if any)(mm/dd/yyyy): 11/15/2019 | | Expiration Date (if any)(mm/dd/yyyy) | | Expiration Date (if any)(mm/dd/yyyy) |
| Document Title | | Additional Information | | QR Code - Sections 2 & 3 Do Not Write In This Space |
| Issuing Authority | | | | |
| Document Number | | | | |
| Expiration Date (if any)(mm/dd/yyyy) | | | | |
| Document Title | | | | |
| Issuing Authority | | | | |
| Document Number | | | | |
| Expiration Date (if any)(mm/dd/yyyy) | | | | |

**Certification: I attest, under penalty of perjury, that (1) I have examined the document(s) presented by the above-named employee, (2) the above-listed document(s) appear to be genuine and to relate to the employee named, and (3) to the best of my knowledge the employee is authorized to work in the United States.**

**The employee's first day of employment *(mm/dd/yyyy)*:** 12/07/15 ***(See instructions for exemptions)***

| Signature of Employer or Authorized Representative | Today's Date (mm/dd/yyyy) | Title of Employer or Authorized Representative |
|---|---|---|
| Monica M Rider | 05/21/18 | |

| Last Name of Employer or Authorized Representative | First Name of Employer or Authorized Representative | Employer's Business or Organization Name |
|---|---|---|
| | | Amerit Fleet Solutions |

| Employer's Business or Organization Address (Street Number and Name) | City or Town | State | ZIP Code |
|---|---|---|---|
| 1331 N. California Blvd, Suite 150 | Walnut Creek | CA | 94596 |

## Section 3. Reverification and Rehires *(To be completed and signed by employer or authorized representative.)*

| A. New Name (if applicable) | | | B. Date of Rehire (if applicable) |
|---|---|---|---|
| Last Name (Family Name) | First Name (Given Name) | Middle Initial | Date (mm/dd/yyyy) |
| | | | |

**C.** If the employee's previous grant of employment authorization has expired, provide the information for the document or receipt that establishes continuing employment authorization in the space provided below.

| Document Title | Document Number | Expiration Date (if any) (mm/dd/yyyy) |
|---|---|---|
| | | |

**I attest, under penalty of perjury, that to the best of my knowledge, this employee is authorized to work in the United States, and if the employee presented document(s), the document(s) I have examined appear to be genuine and to relate to the individual.**

| Signature of Employer or Authorized Representative | Today's Date (mm/dd/yyyy) | Name of Employer or Authorized Representative |
|---|---|---|
| | | |

# LISTS OF ACCEPTABLE DOCUMENTS
## All documents must be UNEXPIRED

Employees may present one selection from List A
or a combination of one selection from List B and one selection from List C.

| LIST A<br>Documents that Establish Both Identity and Employment Authorization | OR | LIST B<br>Documents that Establish Identity | AND | LIST C<br>Documents that Establish Employment Authorization |
|---|---|---|---|---|
| 1. U.S. Passport or U.S. Passport Card | | 1. Driver's license or ID card issued by a State or outlying possession of the United States provided it contains a photograph or information such as name, date of birth, gender, height, eye color, and address | | 1. A Social Security Account Number card, unless the card includes one of the following restrictions:<br>(1) NOT VALID FOR EMPLOYMENT<br>(2) VALID FOR WORK ONLY WITH INS AUTHORIZATION<br>(3) VALID FOR WORK ONLY WITH DHS AUTHORIZATION |
| 2. Permanent Resident Card or Alien Registration Receipt Card (Form I-551) | | 2. ID card issued by federal, state or local government agencies or entities, provided it contains a photograph or information such as name, date of birth, gender, height, eye color, and address | | 2. Certification of Birth Abroad issued by the Department of State (Form FS-545) |
| 3. Foreign passport that contains a temporary I-551 stamp or temporary I-551 printed notation on a machine-readable immigrant visa | | 3. School ID card with a photograph | | 3. Certification of Report of Birth issued by the Department of State (Form DS-1350) |
| 4. Employment Authorization Document that contains a photograph (Form I-766) | | 4. Voter's registration card | | 4. Original or certified copy of birth certificate issued by a State, county, municipal authority, or territory of the United States bearing an official seal |
| 5. For a nonimmigrant alien authorized to work for a specific employer because of his or her status:<br>a. Foreign passport; and<br>b. Form I-94 or Form I-94A that has the following:<br>(1) The same name as the passport; and<br>(2) An endorsement of the alien's nonimmigrant status as long as that period of endorsement has not yet expired and the proposed employment is not in conflict with any restrictions or limitations identified on the form. | | 5. U.S. Military card or draft record | | 5. Native American tribal document |
| 6. Passport from the Federated States of Micronesia (FSM) or the Republic of the Marshall Islands (RMI) with Form I-94 or Form I-94A indicating nonimmigrant admission under the Compact of Free Association Between the United States and the FSM or RMI | | 6. Military dependent's ID card | | 6. U.S. Citizen ID Card (Form I-197) |
| | | 7. U.S. Coast Guard Merchant Mariner Card | | 7. Identification Card for Use of Resident Citizen in the United States (Form I-179) |
| | | 8. Native American tribal document | | 8. Employment authorization document issued by the Department of Homeland Security |
| | | 9. Driver's license issued by a Canadian government authority | | |
| | | **For persons under age 18 who are unable to present a document listed above:** | | |
| | | 10. School record or report card | | |
| | | 11. Clinic, doctor, or hospital record | | |
| | | 12. Day-care or nursery school record | | |

**Examples of many of these documents appear in Part 8 of the Handbook for Employers (M-274).**

**Refer to the instructions for more information about acceptable receipts.**

Amerit
FLEET SOLUTIONS

# EQUAL OPPORTUNITY EMPLOYER INFORMATION

Amerit Fleet Solutions, Inc. is an Equal Opportunity / Affirmative Action Employer. As such, we are required by Federal/State legislation to provide equal employment opportunity for all applicants without regard to race, color, religion, sex, national origin, age, marital status, veteran status or handicap.

**Please be assured that Amerit Fleet Solutions is collecting this information solely for statistical purposes, as required by law. This information will not be used in any decision relating to your employment and will be kept confidential and separate from your personnel file. Please also note that responding to this questionnaire is voluntary. Whether you choose to respond, and the nature of your response, will not impact your employment in any way.**

Employee Name: Marica M. Rider

☐ **Male**

☒ **Female**

INSTRUCTIONS FOR RACE/ETHNICITY REPORTING:
Please check the race/ethnic classification provided by the federal Equal Employment Opportunity Commission that you feel applies to you. **Please check only one category.** Note that the race/ethnic designations do not denote scientific definitions of anthropological origins. For the purposes of this report, an employee may be included in the group to which he or she appears to belong, identifies with, or is regarded in the community as belonging.

☐ **White** (Not of Hispanic origin) - All persons having origins in any of the original peoples of Europe, North Africa, or the Middle East.

☒ **Black or African American** - (Not of Hispanic origin)-All persons having origins in any of the Black racial groups of Africa.

☐ **Hispanic or Latino** - All persons of Mexican, Puerto Rican, Cuban, Central or South American, or other Spanish culture or origin, regardless of race.

☐ **Asian** - A person having origins in any of the original peoples of the Far East, Southeast Asia, or the Indian subcontinent including, for example, Cambodia, China, India, Japan, Korea, Malaysia, Pakistan, the Philippine Islands, Thailand, and Vietnam.

☐ **Native Hawaiian or Pacific Islander** - A person having origins in any of the original peoples of Hawaii, Guam, Samoa, or other Pacific Islands.

☐ **American Indian or Alaskan Native** - All persons having origins in any of the original peoples of North America, and who maintain cultural identification through tribal affiliation or community recognition.

☐ **Two or More Races** - All persons who identify with more than one of the above six races.

☐ **I prefer not to respond**

Amerit FLEET SOLUTIONS

# EMPLOYMENT RELATIONSHIP AND CONFIDENTIALITY / NON-SOLICITATION AGREEMENT

This Employment Relationship and Confidentiality Agreement ("Agreement") is made between Amerit Fleet Solutions ("Employer") and Monica M Rider ("Employee").

1. Employee's employment with the Employer is not for any specified term, and may be terminated by Employee or by Employer at any time for any reason, with or without cause.

2. Employee understands and acknowledges that in the course of his or her employment, Employee will learn, have access to, and be entrusted with Confidential Information and trade secrets relating to the Employer's business. Employee understands that "Confidential Information" means any non-public information that relates to the actual or anticipated business, business prospects, or research and development of the Employer or information that relates to the Employer's vendors and/or sub-contractors (including, but not limited to, the scope of such vendor and/or sub-contractors' retention), the Employer's clients, the Employer's customer contracts, pricing information, technical data, trade secrets or know-how, including, but not limited to, databases, database access information, research, product plans or other information regarding the Employer's or the Employer's client's products or services and markets therefore, customer lists, lists of prospective customers, and customers (including, but not limited to, customers of the Employer or the Employer's client on whom Employee called or with whom Employee became acquainted during the term of employment), software, developments, inventions, processes, formulas, technology, designs, drawings, engineering, hardware configuration information, marketing, finances or other business information. Employee further understands that Confidential Information does not include any of the foregoing items that have become publicly known and made generally available through no wrongful act of Employee or of others who were under confidentiality obligations as to the item or items involved or improvements or new versions thereof. Employee agrees at all times *during the term of employment and thereafter*, to hold all such Confidential Information in strictest confidence, and not to use, except for the benefit of the Employer, or disclose to any person, firm, corporation or other entity without written authorization of the President of the Employer, any Confidential Information thereof, except pursuant to a non-disclosure agreement duly authorized and approved by the Employer.

3. During Employee's employment by Employer and for a period of one (1) year thereafter, Employee will not solicit, encourage, or endeavor to entice away any employee, vendor, and/or sub-contractor to end his or her employment or business relationship with Employer.

*[Remainder of page intentionally left blank.]*

MMR
Employee's Initials

Amerit
FLEET SOLUTIONS

4. During his or her employment by Employer, Employee will not, directly or indirectly either as a partner, employee, employer, consultant, creditor, shareholder or otherwise, promote, participate or engage in any activity competitive with Employer's business. Employee agrees that during his employment with Amerit Fleet Solutions, Employee shall devote Employee's best efforts, ability, and attention to the business of the Company during regular business hours. Employee further agrees that during his employment with Amerit Fleet Solutions, Employee will not, without the Company's prior written consent, directly or indirectly engage in any employment, consulting, or other activity that would conflict or compete with Employee's obligations to Amerit Fleet Solutions.

5. All Confidential Information, computers, passwords, records, files, documents, keys, and the like and copies thereof relating to Employer's business which Employee shall prepare, copy or use, or come into contact with during his or her employment by Employer, including but not limited to policy and training manuals, will be and remain Employer's sole property, and will be left with or returned to Employer upon the termination of Employee's employment with Employer. Employee will not make or retain any copies of any such records, files, documents, and the like.

6. Any dispute arising under this Agreement shall be subject to the accompanying Mutual Agreement to Arbitrate executed by the parties and incorporated by reference as if set forth in full herein.

7. Employee acknowledges that Employer would not have any adequate remedy at law for the material breach of any one or more of the provisions of the Agreement by Employee, and therefore agrees that in addition to any other remedies Employer may have, in the event a breach of this Agreement is threatened or takes place, the Employer shall be entitled to obtain a temporary restraining order and preliminary injunction against Employee to restrain such possible breach until a final determination of the Employer's other remedies and rights may be obtained.

8. This Agreement constitutes the complete agreement between Employee and Employer regarding the matters referred to herein and supersedes any and all prior written or oral agreements or understanding on such matters. Employee understands that no representative of the Employer has been authorized to enter into any agreement or commitment with Employee which is inconsistent in any way with the terms of this Agreement.

*[Remainder of page intentionally left blank.]*

MMR
Employee's Initials

Amerit FLEET SOLUTIONS

9. The terms of this Agreement may not be modified in any way except by a written agreement signed by Employee and by the President of Amerit Fleet Solutions, which expressly states the intention of the parties to modify the terms of this Agreement.

Monica M Rider — 05/21/18

Employee Signature — Date

Monica M Rider

Employee Name (Please Print)

Dan Williams

Dan Williams, CEO — Date

Amerit Fleet Solutions, Inc.

Amerit FLEET SOLUTIONS

# MUTUAL AGREEMENT TO ARBITRATE CLAIMS

This Mutual Agreement to Arbitrate Claims Agreement ("Agreement") is made between Amerit Fleet Solutions, Inc. ("Employer") and Monica M. Rider ("Employee").

In consideration for employment or continued employment at Amerit Fleet Solutions (the "Company"), the Company and Employee hereby mutually agree that any claims arising out of or relating to Employee's employment at the Company or the termination of that employment ("Claims") shall be resolved through binding arbitration pursuant to the Federal Arbitration Act, or relevant state law in the event the Federal Arbitration Act (or any successor or replacement statutes) is found not to apply to Employee's employment at the Company. Claims that must be resolved through binding arbitration include claims for harassment and/or discrimination (including sexual harassment and harassment or discrimination based on race, color, religion, age, sex, sexual orientation, ancestry, national origin, marital status, military service, pregnancy, physical or mental disability, medical condition or any other protected class or condition), retaliation, unpaid compensation, breach of employment contract or covenant, wrongful termination, fraud, defamation, invasion of privacy, and negligence. Claims against the Company's parent, subsidiary, affiliated and successor companies as well as those against the Company's officers, directors, employees and agents must also be resolved through binding arbitration if they arise out of or relate to Employee's employment at the Company or the termination of that employment.

The only exceptions to this Mutual Agreement to Arbitrate Claims ("Agreement") are (1) applications to a court for preliminary injunctive relief, including a temporary restraining order; and (2) Claims that are not made in a court, such as claims for workers' compensation and unemployment benefits. Employee and the Company acknowledge that this Agreement means that Employee and the Company are relinquishing their rights to either a jury trial or a court trial for the resolution of any Claims that Employee and the Company may have against the other.

The arbitration shall be held in the state where Employee resides, before a single neutral arbitrator pursuant to the then-current AAA Arbitration Rules and Procedures for Employment Disputes, to the extent they are consistent with applicable law and this Agreement. Any party may be represented by an attorney and may conduct discovery sufficient to allow the party to adequately arbitrate their claim, including access to essential documents and witnesses, as determined by the arbitrator. In that capacity, the arbitrator shall allow the parties to take depositions and obtain discovery regarding the subject matter of the arbitration and, to that end, use and exercise all the same rights, remedies, and procedures as if the subject matter of the arbitration were pending before a court of law.

The Company shall pay all costs that are unique to arbitration, including the arbitrator's fees. Each party shall bear their own costs which they would be required to bear in court, including attorneys' fees, court reporters' fees, and witness fees. The arbitrator may grant any relief that would be available in court, including an award of attorneys' fees and any other costs (in whole or in part) to the prevailing party in a manner consistent with applicable law.

MMR
Employee's Initials

Amerit FLEET SOLUTIONS

The arbitrator shall issue a written decision, after a hearing and/or a motion for summary disposition of claims or issues, revealing the essential findings and conclusions on which the award is based. The arbitrator's decision may be judicially enforced in the United Stated District Court with jurisdiction over the locale where the arbitration occurs or the parallel state court, depending on the underlying issue in dispute. If either the Company or Employee pursues any Claim against the other in court that must be resolved through binding arbitration under this Agreement, then the other party shall be entitled to recover all costs, including attorneys' fees, incurred in enforcing this Agreement.

The provisions of this Agreement are severable, and if any part of it is found to be void or otherwise unenforceable, the other provisions shall remain fully valid and enforceable.

This Agreement is the complete agreement between the parties on the subject of arbitration of the Claims described above and supersedes any prior arbitration agreement regarding such Claims. This Agreement cannot be modified except in a written agreement that (1) specifies that it is modifying this Agreement; and (2) is signed by both Employee and the President of the Company.

This Agreement is not an employment agreement and in no way alters the at-will status of Employee's employment at the Company. Employee and the Company understand and agree that either party may terminate the employment relationship at any time, for any reason or no reason, and with or without notice.

Employee and the Company agree that this Agreement may be signed in counterparts and that a copy of a party's signature may be used to enforce this Agreement.

I ACKNOWLEDGE THAT I HAVE CAREFULLY READ THIS AGREEMENT, THAT I UNDERSTAND ITS' TERMS AND THAT BY SIGNING THIS AGREEMENT, I AM GIVING UP MY RIGHT TO A JURY TRIAL. I HAVE ENTERED INTO THIS AGREEMENT VOLUNTARILY AND NOT IN RELIANCE ON ANY PROMISE OR REPRESENTATION BY THE COMPANY OTHER THAN THOSE CONTAINED IN THIS AGREEMENT.

Monica M Rider — 05/21/18

Employee Signature — Date

Monica M. Rider

Employee Name (Please Print)

[signature]

Amerit Fleet Solutions, Inc. — Date

# Receipt of Employee Safety Policy

## Safety Policy Highlights

- Safety is the very top priority in everything you do here at Amerit.
- You are required to wear personal protective equipment appropriate to the job you are doing at all times.
- You are not permitted to use either hand-held or hands-free cellular phones at any time while operating any client vehicle, Amerit-branded Mobile Service Center or other Amerit-owned vehicle.
- During your employment, you are not permitted to drive any vehicle for any work-related reason without a valid driver's license.
- You must obey all traffic laws when driving for the company.
- Only the assigned driver or other qualified Amerit personnel are permitted to drive company vehicles, in the course of their employment.
- Seatbelts are required at all times, in all positions in the vehicle.
- Do not operate a vehicle when you are fatigued to a point of being impaired in your ability to function safely.
- You are required to report ALL accidents and injuries to your manager immediately.
- GOAL: Get Out And Look! Never move a vehicle without completing a full-circle inspection.
- Closely follow fueling operations procedures.
- You are required to submit to drug and alcohol screening in the event of a personal injury or vehicle accident.

I acknowledge that I have read and understand the Amerit Fleet Solutions Employee Safety Policy and agree to abide by its guidelines and terms during my employment. I understand that this policy is electronically available to me at http://ameritfleetsolutions.com/safety-policy, and that I have a duty to review all updates to the policy when I am notified of changes. In addition, I agree to re-review the policy as a means of updating my safety knowledge when directed by the Safety Department.

I have reviewed and understand the highlighted requirements and rules listed above and acknowledge that this list is not all-inclusive.

I also understand that if I violate this policy, I will be subjected to disciplinary action, up to and including termination, even for a first offense.

Employee Name (PLEASE PRINT) Monica M Rider

Employee Signature Monica M Rider te