IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MONICA M. RIDER,

       Plaintiff,

    v.

AMERIT FLEET SOLUTIONS,
INC., *et al.*,

       Defendants.

:

:

:

:

Case No. 3:21-cv-77

JUDGE WALTER H. RICE

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #25);
OVERRULING PLAINTIFF'S OBJECTIONS THERETO (DOC. #26);
SUSTAINING DEFENDANT'S RENEWED MOTION TO COMPEL
ARBITRATION (DOC. #14); OVERRULING PLAINTIFF'S MOTION
FOR ORDER TO SHOW CAUSE WHY ATTORNEY SHOULD NOT BE
HELD IN CONTEMPT (DOC. #17) AND PLAINTIFF'S MOTION FOR
LEAVE TO RETRACT STATEMENT (DOC. #21); STAYING ALL
PROCEEDINGS PENDING RESOLUTION OF THE ARBITRATION;
ADMINISTRATIVELY PROCESSING CASE

---

Based on the reasoning and citations of authority set forth by United States

Magistrate Judge Sharon L. Ovington in her Report and Recommendations, Doc.

#25, as well as upon a thorough *de novo* review of this Court's file and the

applicable law, the Court ADOPTS said judicial filing in its entirety, and

OVERRULES Plaintiff's Objections thereto, Doc. #26.

In her Objections, Plaintiff first argues that Amerit Fleet Solutions' failure to

respond to her initial requests for arbitration renders the company in "default."

She then cites to 9 U.S.C. § 4 for the proposition that, because Amerit Fleet

Solutions, Inc., is in "default" of the arbitration agreement, arbitration cannot be compelled. Plaintiff, however, conflates the concepts of "default" and "waiver." As Magistrate Judge Ovington explained in the Report and Recommendations, § 4 "provides a mechanism to *enforce* arbitration, rather than avoid it." Doc. #25, PageID#202 (emphasis added). Amerit Fleet Solutions has properly invoked § 4 in seeking an order compelling arbitration. This statute, however, does not allow Plaintiff to avoid arbitration. Plaintiff's first Objection is therefore overruled.

With respect to the separate question of whether Amerit Fleet Solutions *waived* the agreement to arbitrate, Plaintiff does not object to Magistrate Judge Ovington's conclusion that Plaintiff failed to show that Amerit Fleet Solutions took actions that were completely inconsistent with any reliance on the arbitration agreement or that Plaintiff suffered any actual prejudice.

Plaintiff's second Objection relates to Magistrate Judge Ovington's conclusion that Plaintiff failed to establish that Jennifer Stephens' and Lara Grines' declarations contain false statements. Plaintiff again cites to various fraud statutes and argues that false statements were made to the Court. However, Plaintiff has failed to identify any portion of the Report and Recommendations that contains erroneous findings of fact or conclusions of law. The Court therefore also overrules Plaintiff's second Objection.

For the reasons set forth in the Report and Recommendations, the Court OVERRULES Plaintiff's Motion for Order to Show Cause Why Attorney Should Not

2

Be Held in Contempt (Doc. #17), and Plaintiff's Motion for Leave to Retract Statement (Doc. #21).

The Court SUSTAINS Defendant's Renewed Motion to Compel Arbitration, Doc. #14, and ORDERS Plaintiff to arbitrate the claims asserted in her Complaint. The Court STAYS all proceedings pending resolution of that arbitration, and ADMINISTRATIVELY PROCESSES the above-captioned case.  At the conclusion of the arbitration proceedings, counsel for Defendant Amerit Fleet Solutions shall so notify the Court.


Date: January 20, 2022

WALTER H. RICE
UNITED STATES DISTRICT JUDGE